**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000490
24-OCT-2013
09:01 AM**

CAAP-11-0000490

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
JAMES ZITTNAN, Defendant-Appellant,
and
JERROME FIGUEROA, Defendant.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR NO. 09-1-1413)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Foley and Ginoza, JJ.)

Plaintiff-Appellee State of Hawai'i (State) charged Defendant-Appellant James Zittnan (Zittnan) by indictment with second-degree methamphetamine trafficking, in violation of Hawaii Revised Statutes (HRS) § 712-1240.8 (Supp. 2012). After a jury trial, Zittnan was found guilty as charged. The Circuit Court of the First Circuit (Circuit Court)[1] sentenced Zittnan to 10 years of incarceration, subject to a mandatory minimum term of one year. Zittnan appeals from the "Judgment of Conviction and Sentence" (Judgment) entered on May 25, 2011. We affirm.

I.

The charges against Zittnan were based on his alleged sale of methamphetamine to an undercover police officer, Honolulu

---

[1] The Honorable Dexter D. Del Rosario presided.

Police Department Officer Kahn Le (Officer Le). The day after his undercover purchase, Officer Le selected Zittnan's photograph (photograph number 2) from a six-picture photographic lineup as the person who had sold him crystal methamphetamine. Officer Le also filled out a photographic lineup instruction form, in which he confirmed that he had selected photograph number 2 and handwrote that this person "is known to me as 'J' whom I purchased narcotic from [the previous day]." Over Zittnan's hearsay objection, the Circuit Court admitted the photographic lineup instruction form (Exhibit 2) in evidence. The Circuit Court also admitted in evidence the photographic lineup containing Zittnan's photograph (Exhibit 1). In addition, Officer Le made an in-court identification of Zittnan at trial and testified that Zittnan had supplied the crystal methamphetamine purchased by Officer Le.

Zittnan's defense was false or mistaken identification. Zittnan testified that he was not the person who delivered crystal methamphetamine to Officer Le. Zittnan also called his co-defendant, Jerome Figueroa (Figueroa), as a witness. Officer Le had identified Figueroa as the person who acted as the middleman in setting up Officer Le's purchase of the crystal methamphetamine. Figueroa testified that he had pleaded no contest to his role in the crystal methamphetamine transaction with Officer Le. Figueroa further testified that Zittnan was not involved in the transaction, but that another male, who Figueroa refused to identify but referred to as "D-Boy," had supplied the crystal methamphetamine.

II.

On appeal, Zittnan argues that the Circuit Court erred in overruling his hearsay objection and in admitting Exhibit 2, which contained Officer Le's handwritten statement identifying Zittnan as the person who provided the crystal methamphetamine. Zittnan contends that "although State's Exhibit 2 related to Officer Le's prior identification of [Zittnan], it should not be construed as a prior identification within the meaning of

2

[Hawaiʻi Rules of Evidence (HRE)] Rule 802.1(3) because it was a 'writing' that was intended to attack [Zittnan's] credibility." We conclude that Zittnan's argument is without merit.

Zittnan objected to the admission of Exhibit 2 on the ground of hearsay. HRE Rule 802.1(3) (1993), however, provides that a statement of prior identification that satisfies the requirements of HRE Rule 802.1(3) is not excluded by the hearsay rule. HRE Rule 802.1(3) provides:

> The following statements previously made by witnesses who testify at the trial or hearing are not excluded by the hearsay rule:
>
> . . .
>
> (3)    Prior identification. The declarant is subject to cross-examination concerning the subject matter of the declarant's statement, and the statement is one of identification of a person made after perceiving that person[.]

Officer Ke was subject to cross-examination concerning his written statement identifying Zittnan as the person involved in the drug transaction, and Officer Ke's statement was "one of identification of a person made after perceiving that person." See id. Therefore, Officer Ke's prior identification statement set forth in Exhibit 2 satisfied the requirements of HRE Rule 802.1(3) and was not subject to exclusion on the ground of hearsay. See State v. Motta, 66 Haw. 254, 262, 659 P.2d 745, 750-51 (1983) (admitting witness's composite sketch of suspect under HRE Rule 802.1(3)).

Zittnan cites no authority to support the proposition that a written statement is ineligible for admission as a statement of prior identification under HRE Rule 802.1(3). Indeed, HRE Rule 801 (Supp. 2012) defines "[s]tatement" to include "an assertion in a writing" for purposes of the hearsay rules. Moreover, Zittnan did not object to the admission of Exhibit 2 on the ground he now raises on appeal -- that it "was intended to attack [Zittnan's] credibility" -- and his argument on that basis was therefore waived. See State v. Matias, 57 Haw.

96, 101, 550 P.2d 900, 904 (1976) ("[T]he making of an objection upon a specific ground is a waiver of all other objections." (internal quotation marks and citation omitted)). We conclude that the Circuit Court did not err in overruling Zittnan's hearsay objection and admitting Officer Ke's statement of prior identification contained in Exhibit 2.

III.

We affirm the Circuit Court's Judgment.

DATED: Honolulu, Hawaiʻi, October 24, 2013.

On the briefs:

William H. Jameson, Jr.
for Defendant-Appellant

James M. Anderson
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

4